THOMAS P. QUINN, JR. (SBN 132268)
NOKES & QUINN APC
410 BROADWAY, STE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant EQUIFAX, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RENEE MINNER,<br><br>    Plaintiff,<br><br>vs.<br><br>EQUIFAX, INC., et al.,<br><br>    Defendants. | Case No.: 4:16-cv-05690-JSW<br><br>**DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**Date: February 24, 2017**<br>**Time: 9:00 a.m.**<br>**Courtroom: 5, 2nd Floor**<br><br>**The Honorable Jeffrey S. White** |

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

## I. INTRODUCTION

In her Opposition to Defendant Equifax, Inc.'s ("Equifax's") Motion to Dismiss ("Opp."), Plaintiff argues that the information that was furnished by co-defendant Creditor Wells Fargo, National Association ("Wells Fargo") and allegedly reported[1] on her credit report after the confirmation (not discharge) of her Chapter 13 bankruptcy plan was inaccurate and misleading. (Opp., p. 6.) The apparent basis for this argument is that the confirmation order is "res judicata" as to the modified rights and liabilities of the debtor and her creditors – the parties to the plan. (Opp, pp. 8-11.) However, Plaintiff acknowledges that "those rights and liabilities may again be adjusted by a dismissal order, a conversion order, or a discharge order." (Opp., p. 9.) This argument underscores Equifax's original point: Equifax is not capable of resolving a legal dispute between Plaintiff and her creditors over how accounts should be reported during the pendency of her bankruptcy case, nor is Equifax obligated to do so under the FCRA. Because Plaintiff's entire suit is premised on the *legal impact* that the confirmation of her bankruptcy plan may have had on her account obligations, Plaintiff cannot state a cause of action under the FCRA against Equifax.

And though Plaintiff notes that she alleged (apparently in the alternative) in her Complaint that Equifax did not send an Automated Consumer Dispute Verification ("ACDV") to the co-defendant furnisher, she also pleaded that Equifax *did* send the furnisher notification that Plaintiff was disputing the accuracy of what it were reporting to Equifax. (Compl., ¶¶ 102, 121.) Under Plaintiff's own Complaint, then, Equifax did comply with its obligations to notify Wells Fargo of Plaintiff's dispute under the FCRA.

Furthermore, the historical derogatory reporting of an account during the

---

[1] Plaintiff's Opposition does not address Equifax's argument that it is not a CRA as that term is defined by the FCRA and is therefore an improper party to this action.

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

- 1 -

DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

pendency of a bankruptcy proceeding is not inaccurate under the FCRA. Indeed, Courts within this District have repeatedly held that such conduct cannot form the basis of an FCRA claim. *See, e.g. Jaras v. Experian Info. Solutions, Inc.*, No. 5:16-cv-03336-LHK, Doc. 54 (N.D. Cal. Dec. 19, 2016). Though Plaintiff urges this Court not to follow *Mortimer*, that Court clearly found that "the FCRA does not prohibit the accurate reporting…of debts that were delinquent during the pendency of the bankruptcy action…[r]eporting this information is neither inaccurate nor misleading." *Mortimer v. Bank of America, N.A.*, ("*Mortimer v. Bank of America*") No. C-12-01959-JCS, 2013 WL 1501452, at *10 (N.D. Cal. Apr. 10, 2013). Plaintiff's emphasis on the industry guidelines promulgated by the CDIA is misplaced and unavailing.

In addition, Plaintiff completely fails to address Equifax's argument that Plaintiff does not allege that Equifax acted either willfully or negligently, as required under the FCRA.[2]

Permitting Plaintiff to amend her Complaint would be futile. For all the foregoing reasons and as set forth in Equifax's initial Motion, the Motion should be granted with prejudice.

## II.  ARGUMENT

A. <u>Equifax is Not Capable of Determining, Nor Required to Determine, the Legal Status of Plaintiff's Debts with Wells Fargo under the FCRA</u>.

Plaintiff's apparent position is that, even though her bankruptcy proceeding has not been discharged, because the Bankruptcy Court modified her contractual obligations ("despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization"), the reporting of any past due amounts, balances, and collection status during the pendency of her bankruptcy was

---

[2] Contrary to Plaintiff's assertion, Equifax does not make the argument in its Initial Motion that Plaintiff is barred by the doctrine of judicial estoppel for failing to inform the bankruptcy court of her immediate action. That said, Equifax does believe that the doctrine of judicial estoppel prevents Plaintiff from bringing this lawsuit.

inaccurate.  This is a position with which Wells Fargo presumably disagrees, as after the dispute and reinvestigation Plaintiff alleges the "misleading and inaccurate" account information remained on her credit file.  (Compl., ¶ 111.)

Despite Plaintiff's argument that the bankruptcy plan confirmation is "res judicata" as to her legal obligations to Wells Fargo, Plaintiff also concedes that "those rights and liabilities may again be adjusted by a dismissal order, a conversion order, or a discharge order."  (Opp., p. 9.)  This explanation exemplifies why CRAs should not be required, and are not required, to determine what the particular status is of Plaintiff's accounts in her confirmed bankruptcy plan during the pendency of that proceeding.

Whether the confirmation (not completion) of her bankruptcy plan had the legal effect of immediately and permanently overriding the contractual terms of Plaintiff's debt with Wells Fargo is a legal dispute Equifax is unable to resolve.  Nor would it be appropriate to require Equifax to try to determine the legal status of Plaintiff's debts prior to their discharge based on the specific language of his Chapter 13 plan.  Credit reporting agencies "are not tribunals.  They simply collect and report information furnished by others."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891  (9th Cir. 2010).  "Because CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims."  *Id*. at 891.  *See also DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) (holding that plaintiff failed to allege factual inaccuracy in his credit report because the legal status of his mortgage was a "question[] that can only be resolved by a court of law" and a "legal issue that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA").  "With respect to the accuracy of disputed information, the CRA is a third party, lacking any direct relationship with the consumer, and its responsibility is to '*re* investigate' a matter

once already investigated in the first place." *Carvalho*, 629 F.3d at 892 (citations omitted). Equifax is not a party to the Plaintiff's bankruptcy proceeding. Hence, Plaintiff, who is disputing the legal validity of the Wells Fargo debt that appears on her credit report, should first attempt to resolve the matter directly with Wells Fargo, which "stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009). A CRA is not required as part of its reinvestigation duties to provide a legal opinion on the merits. Indeed, determining whether the consumer has a valid defense "is a question for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA." *DeAndrade,* 523 F.3d at 68.

The *In re Layo* case cited by Plaintiff, 460 F.3d 289 (2nd Cir. 2006), further illuminates Equifax's point. The Court in *In re Layo* discusses the test for *res judicata* in bankruptcy proceedings involving a plan of reorganization:

> To determine whether the doctrine of res judicata bars a subsequent action [under the Bankruptcy Code], we consider whether 1) the prior decision was a final judgment on the merits, 2) ***the litigants were the same parties***, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same.

*In re Layo* 460 F.3d at 292 (citations omitted). Equifax was indisputably not a party to the Plaintiff's bankruptcy. If *res judicata* attaches to the confirmation of Plaintiff's bankruptcy plan, the parties to that bankruptcy are in a superior position to know what the terms of said plan are. As Equifax did comply with its obligations to notify Wells Fargo of the Plaintiff's dispute (Compl., ¶ 102), and was in no position to make a legal determination regarding the terms or effect of Plaintiff's confirmation order (nor was it required to do so under the FCRA), Plaintiff's Complaint should be dismissed against it.

- 4 -
DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

B. <u>Plaintiff Has Not Pled the Existence of an Actionable Inaccuracy</u>.

Plaintiff alleges that Equifax "failed to conduct a reasonable investigation" of her account information as required by the FCRA, though she also alleges that each CRA sent each creditor notification that Plaintiff was disputing the accuracy of what it was reporting to them[3]. (Compl., ¶¶ 102, 122, 128.) Nevertheless, in order to state a prima facie claim under the FCRA for failure to perform a reasonable reinvestigation, Plaintiff must allege, among other elements, that an inaccuracy existed in her credit report. *Carvalho*, 629 F.3d at 890 (holding that although the FCRA "does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement"); *Kruse v. Experian Info. Solutions, Inc.*, 471 F. App'x 714, 715 (9th Cir. 2012) (holding that inaccuracies in credit report were required to maintain FCRA claim); *Giovanni v. Bank of America N.A.*, No. C 12-02530, 2012 WL 6599681, at *5 (N.D. Cal., Dec. 18, 2012) ("*Giovanni*") ("The Court first considers whether [defendant] reported inaccurate information and, if necessary, then considers whether it is liable for failing to correct that information"); *Mortimer v. JP Morgan Chase Bank, N.A. ("Mortimer v. Chase")*, No. C 12-1936-CW, 2012 WL 3155563, at *3 (N.D. Cal. August 2, 2012) ("This [FCRA] claim is insufficiently alleged because Mortimer has not asserted that [the bank] reported incomplete or inaccurate information in the first place.").

Here, Plaintiff alleges that despite her dispute, the Wells Fargo account continued to report inaccurate information. Specifically, Plaintiff points to that account reporting "with a balance in the amount of $2,190.00 and with a past due balance in the amount of $1,710.00." (Compl., ¶ 106.)

Plaintiff does not allege that Equifax was reporting the original contract with

---

[3] Plaintiff apparently alleges in the alternative that Equifax "failed to send an ACDV" to the Creditor Defendants. (Opp., pp. 7-8.)

NOKES & QUINN
410 Broadway
Laguna Beach, CA 92651
(949) 376-3500

- 5 -
DEFENDANT EQUIFAX, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS

Wells Fargo incorrectly, that she has paid this creditor in full, that she has obtained a discharge of the debt, or that she does not owe any amount to Wells Fargo. Instead, Plaintiff alleges that due to the confirmation (not discharge) of her bankruptcy plan, her original debt obligations were modified. Despite Plaintiff's blatant criticism of the *Blakeney* decision (Opp., pp. 10, 15-16), that Court held "[c]onfirmation of [a] Chapter 13 bankruptcy plan is not equivalent to discharge of [a debtor's] debts," which does not occur "until Plaintiff has completed all payments provided for under the Chapter 13 bankruptcy plan." *Blakeney v. Experian Sols., Inc.*, No. 15-CV-05544-LHK, 2016 WL 4270244, at *6 (N.D. Cal. Aug. 15, 2016). Courts within this District and elsewhere have consistently held that the furnishing of delinquencies or a balance during the pendency of a bankruptcy (and prior to discharge) is not inaccurate under the FCRA. *See Mortimer v. Bank of America, N.A.*, 2013 WL 1501452, at *10 ("the FCRA does not prohibit the accurate reporting, after discharge, of debts that were delinquent during the pendency of the bankruptcy action…[r]eporting this information is neither inaccurate nor misleading."); *Mortimer v. Chase*, 2012 WL 3155563, at *2-4 (dismissing complaint where plaintiff alleged that creditor furnished delinquencies on account after plaintiff filed bankruptcy; court held that such information was not inaccurate under the FCRA); *Giovanni*, 2012 WL 6599681, at *5-6 (holding same). Plaintiff requests the Court not follow the rationale of *Mortimer* (Opp., pp. 10, 17) because she knows *Mortimer* is fatal to her claim.

Moreover, Plaintiff argues that the several recent decisions in this District dismissing the nearly identical complaint were wrong because they do not cite to or discuss 11 U.S.C. § 1322 (B)(2). (Opp., p. 15.) Her argument conflates bankruptcy ideals with credit reporting, and the cases cited by Plaintiff are wholly irrelevant bankruptcy cases that do not involve claims under the FCRA. The instant lawsuit does not present any reason to ignore the settled case law that exists in this

jurisdiction.

Even taking Plaintiff's allegations about the supposed force of the CDIA guidelines and Metro 2 format as true, "[t]o the extent that the account was delinquent during the pendency of the bankruptcy, failure to comply with the CDIA guidelines does not render the report incorrect." *Mortimer v. Bank of America, N.A.*, 2013 WL 1501452, at *12. The case that Plaintiff cites for the proposition that pleading violations of the Metro 2 format was enough to survive the pleading standard under Fed. R. Civ. P. 12(b)(6), *Nissou-Rabban*, is inapposite because in that case, the plaintiff's bankruptcy was actually discharged (not just confirmed). Plaintiff has failed to state a claim against Equifax for failure to perform a reasonable reinvestigation because there has been no actionable inaccuracy in the reporting of this account on Plaintiff's credit file, and the Complaint thus should be dismissed against it.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed. And not only dismissed but dismissed with prejudice. Like the court found in *Carvalho*, any amendment of Plaintiff's claims here would be futile because they "clearly are foreclosed by the inaccuracy requirement[s]." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); *see also Denison v. CitiFinancial Servicing, LLC,* No. C 16-00432 WHA, 2016 WL 3443380, at *1 (N.D. Cal. June 23, 2016) (dismissing FCRA reinvestigation claim with prejudice).

Dated: January 10, 2017

NOKES & QUINN
 /s/ Thomas P. Quinn, Jr.
THOMAS P. QUINN, JR.
Attorneys for Defendant
EQUIFAX, INC.

# CERTIFICATE OF SERVICE
**Renee Minner v. Equifax, Inc., et al.**
**Case No.: 4:16-cv-05690-JSW**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On **January 10, 2017**, I served a true copy of:

**DEFENDANT EQUIFAX, INC.'S**

**REPLY IN SUPPORT OF MOTION TO DISMISS**

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B);

[ ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

[X]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/ Thomas P. Quinn, Jr.
THOMAS P. QUINN, JR.

Place of Mailing: Laguna Beach, California.

Executed on **January 10, 2017** at Laguna Beach, California.

## SERVICE LIST

| | |
|---|---|
| Elliot Wayne Gale | Gregory Lane Huber |
| Joseph Brian Angelo | Mark Douglas Lonergan |
| Scott Matthew Johnson | Rebecca Snavely Saelao |
| Scott Joseph Sagaria | Severson and Werson |
| Sagaria Law, P.C. | One Embarcadero Center |
| 2033 Gateway Place, 5th Floor | Suite 2600 |
| San Jose, CA 95110 | San Francisco, CA 94111 |
| 408-279-2288 | 415-677-5503 |
| Fax: 408-279-2299 | Fax: 415-956-0439 |
| Email: egale@sagarialaw.com | Email: glh@severson.com |
| Email: jangelo@sagarialaw.com | Email: mdl@severson.com |
| Email: sjohnson@sagarialaw.com | Email: rss@severson.com |
| Email: sjsagaria@sagarialaw.com | ***Attorneys for Defendant Wells Fargo, National Association*** |
| ***Attorneys for Plaintiff*** | |